UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEVEN K. STANLEY | : | |
| | : | PRISONER |
| v. | : | Case No. 3:07cv59 (SRU) |
| | : | |
| TOM MUZIO, et al. | : | |

**RULING AND ORDER**

Plaintiff Steven K. Stanley commenced this civil rights action *pro se* and *in forma pauperis*. He named as defendants two State Judicial Marshals, the Connecticut State Police and individual troopers and officers of the Connecticut State Police. On March 13, 2007, the court filed its Initial Review Order dismissing all claims except the claims for false imprisonment and use of excessive force against State Judicial Marshals Muzio and Hardy ("the defendants"). The defendants have filed a motion to dismiss. For the reasons that follow, the motion is granted in part.

**I.  Standard of Review**

When considering a motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from those allegations in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Flores v. Southern Peru Copper Corp.*, 343 F.3d 140, 143 (2d Cir. 2003). The court considers not whether the plaintiff ultimately will prevail, but whether he has stated a claim upon which relief may be granted so that he should be entitled to offer evidence to support his claim. *See York v. Association of Bar of City of New York*, 286 F.3d 122, 125 (2d Cir.), *cert. denied*, 537 U.S. 1089 (2002). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants

fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *See Bell Atlantic v. Twombley*, ___ U.S. ___, 127 S. Ct. 1955, 1964-65 (2007).

When ruling on a motion to dismiss, the court may consider the allegations in the complaint, any documents attached to the complaint and other facts of which judicial notice may be taken. *See Samuels v. Air Transport Local 504*, 992 F.2d 12, 15 (2d Cir. 1993). In its review of a motion to dismiss, the Second Circuit "ordinarily require[s] the district courts to give substantial leeway to pro se litigants." *Gomes v. Avco Corp.*, 964 F.2d 1330, 1335 (2d Cir. 1992).

## II. Facts

The following allegations are assumed to be true for present purposes. On April 26, 2004, Stanley's wife and children successfully petitioned the state court to continue a restraining order. Stanley became agitated when the court ruled against him. When his family left the courtroom, the defendants told Stanley that he had to wait five minutes before he could leave. After about three minutes, everyone else had left the courtroom and the lights were turned off. When Stanley started to leave, the defendants wrestled him to the floor and kicked him in the head and back. Stanley was handcuffed and taken "downstairs." When Stanley asked to be take to the hospital, he was examined by an EMT who determined that Stanley had no serious injuries. Stanley was arrested on charges of disorderly conduct and assault on public safety personnel. Later he was taken to the hospital and returned to jail.

## III. Discussion

Stanley filed this action pursuant to 42 U.S.C. § 1983 for violation of his constitutional

rights. The only remaining claims are for false imprisonment and use of excessive force against two state judicial marshals. The defendants move to dismiss the complaint on the grounds that: they are statutorily immune from all remaining claims, Stanley fails to state a claim for false imprisonment, and the defendants are protected by qualified and judicial immunity.

### A. Statutory Immunity

The defendants argue that Connecticut General Statutes § 4-165 affords them immunity from all remaining claims. State statutory immunity in general, and section 4-165 in particular, do not apply to claims for violation of federal law. *See Scheuer v. Rhodes*, 416 U.S. 232, 237 (1974) (when state officials violate federal constitutional rights, "'[t]he state has no power to impart to him any immunity from responsibility to the supreme authority of the United States.'") (quoting *Ex parte Young*, 209 U.S. 123, 160 (1908)); *Torrence v. Pelkey*, 164 F. Supp. 2d 264, 272 (D. Conn. 2001) (agreeing that section 4-165 does not provide immunity for state employees who violate federal law). Thus, the motion to dismiss is denied to the extent it is based on the argument that the defendants are statutorily immune from federal claims for false imprisonment and use of excessive force.

Stanley did not invoke the court's supplemental jurisdiction over state law claims and does not reference state law in his complaint. However, the complaint may be liberally construed to assert a state law claim for false imprisonment. The court will consider the statutory immunity argument as applied to that claim. When the federal court considers a state law claim under its supplemental jurisdiction, it applies state substantive law. *See Promisel v. First Am. Artificial Flowers, Inc.*, 943 F.2d 251, 257 (2d Cir. 1991), *cert. denied*, 502 U.S. 1060 (1992). Thus, where state law deprives the state courts of jurisdiction to entertain a certain claim, the federal

3

court also lacks jurisdiction over that claim. *See Moodie v. Federal Reserve Bank*, 58 F.3d 879, 884 (2d Cir. 1995).

State law provides that a state employee is not personally liable for damages caused within the scope of employment unless the employee's actions were wanton, reckless or malicious. *See* Conn. Gen. Stat. § 4-165. State courts define wanton, reckless or malicious actions as more than negligence, more than even gross negligence. *See Manifold v. Ragaglia*, 94 Conn. App. 103, 115-16, 891 A.2d 106, 115 (2006). It demonstrates reckless disregard for the safety of others and is "highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." *Martin v. Brady*, 261 Conn. 372, 379, 802 A.2d 814, 819 (2002) (internal quotation marks and citation omitted).

The Connecticut Supreme Court has held police officers statutorily immune for actions taken in the course of their duties, for example, executing a search and arrest pursuant to an extradition warrant. The court held that the alleged actions of the officers, striking and pushing the plaintiff to the floor after he submitted to arrest and smashing windows and breaking doors during the search, was not sufficiently egregious to rise to the level of reckless, wanton or malicious conduct. *See id.* at 380, 802 A.2d at 819.

Stanley alleges that although the defendants told him that the judge wanted him to remain in the courtroom for five minutes after his family left, the judge had issued no such order. The investigative report from the State Judicial Marshal, attached to the complaint, supports Stanley's contention that the defendants were not acting on the judge's order. The report states that the defendants initially refused to permit Stanley to leave the courtroom to maintain order and ensure that Stanley's family safely left the courthouse and does not mention an order from the judge that

4

they do so. Compl. at 23. Stanley alleges that, after three minutes had passed, the defendants wrestled him to the floor and then kicked him in the head and back. He also alleges that the defendants were biased against him. Assuming the allegations are true, as the court must when reviewing a motion to dismiss, the defendants' actions are more serious that pushing the plaintiff in *Martin* to the floor. The actions Stanley alleges – kicking him in the head and back after he was forcibly restrained – could be found by a jury to rise to the level of reckless, wanton or malicious conduct that was outside the scope of defendants' employment as state judicial marshals and overcome statutory immunity for any state law claims. The defendants' motion to dismiss based on statutory immunity is denied.

B. **Failure to State a Claim**

The defendants next argue that Stanley fails to state a claim for false imprisonment. The federal court looks to state law to determine the elements of a section 1983 claim for false imprisonment. *See Hygh v. Jacobs*, 961 F.2d 359, 366 (2d Cir. 1992). Under Connecticut law, "'[f]alse imprisonment is the unlawful restraint by one person of the physical liberty of another.'" *Russo v. City of Hartford*, 341 F. Supp. 2d 85, 104 (D. Conn. 2004) (quoting *Berry v. Loiseau*, 223 Conn. 786, 820, 614 A.2d 414 (1992)). To successfully state a claim for false imprisonment, Stanley must allege that "'his physical liberty has been restrained by the defendant[s] and that the restraint was against his will, that is, that he did not consent to the restraint or acquiesce in it willingly.'" *Id*. at 104-05 (quoting *Berry*, 223 Conn. at 820). The restraint also must be accomplished through use of force. *See id.* (citations omitted).

The defendants contend that Stanley fails to state a claim for false imprisonment because he was convicted of the charge for which he was arrested. They argue that probable cause for his

5

arrest, established by the subsequent conviction, shows that the confinement was justified. These arguments are misplaced. The cases cited by the defendants concern claims of false arrest or false imprisonment based on post-arrest confinement. *See Escalara v. Lunn*, 361 F.3d 737, 741-42 (2d Cir. 2004) (plaintiff claimed false arrest and malicious prosecution); *Pouncey v. Ryan*, 396 F. Supp. 126, 126-27 (D. Conn. 1975) (plaintiff alleged that police lacked probable cause for his arrest). Although Stanley was arrested, the arrest was the result of the altercation with the defendants when Stanley tried to leave the courtroom. The law cited by the defendants applies to Stanley's restraint after his arrest, a claim previously dismissed by the court, not to the defendants' refusal to permit him to leave the courtroom prior to his arrest.

Stanley alleges that the defendants told him that he had to remain in the courtroom for five minutes and forcibly stopped him when he tried to leave after three minutes. Those allegations state a federal claim for false imprisonment. Accordingly, the defendants' motion to dismiss for failure to state a claim is denied.

The defendants also move to dismiss Stanley's request that they be charged criminally. Stanley has no right to seek the prosecution of another. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). The defendants' motion to dismiss is granted with respect to this request for relief.

**C.    Judicial Immunity**

The defendants argue that they are protected from suit by quasi-judicial immunity on the false imprisonment claim.

Judges are afforded absolute immunity from suit for any actions taken in their judicial

capacity regardless whether the action was erroneous or harmful to the plaintiff. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). Law enforcement officials, however, generally are afforded only qualified immunity. *See Malley v. Briggs*, 475 U.S. 335, 340-41 (1986). The courts employ a functional analysis to determine which type of immunity should be applied. "[I]t is 'the nature of the function performed, not the identity of the actor who performed it, that inform[s] our immunity analysis'" *Mireles*, 502 U.S. at 13 (citation omitted). In *Mireles*, the Court held that the fact that a judge's order was carried out by a police officer did not transform the order from a judicial action to an executive action. Applying the functional test, the Court held that the judge was absolutely immune from suit concerning that order. *See id.*

Citing *Mireles*, some circuits have extended the judge's absolute immunity to public officials performing actions at a judge's direction or for actions they are required to do under court order. *See Martin v. Hendren*, 127 F.3d 720, 721-22 (8th Cir. 1997). For example, a bailiff is afforded absolute quasi-judicial immunity for actions specifically ordered by the trial judge and related to the judicial function. *See Robinson v. Freeze*, 15 F.3d 107, 109 (8th Cir. 1994). *See also Martin*, 127 F.3d at 221 (police officer ordered by judge to restore order to courtroom afforded quasi-judicial immunity for handcuffing and removing individual from courtroom); *Roland v. Phillips*, 19 F.3d 553, 555 (11th Cir. 1994) (citing cases holding that law enforcement officials executing facially valid court orders are protected by quasi-judicial immunity).

The defendants, state judicial marshals, provide courthouse security. Stanley alleges that, although the defendants told him that they were instructing him to remain in the courtroom for five minutes at the direction of the judge, in fact there was no such order. The investigative report of the State Judicial Marshals references no order. Absent evidence of a judicial order, the

defendants are not entitled to quasi-judicial immunity on Stanley's false imprisonment claim. The defendants' motion to dismiss based on quasi-judicial immunity is denied.

        D.      **Qualified Immunity**

The doctrine of qualified immunity protects government officials from liability for damages caused by the performance of discretionary official functions if their conduct does not violate a clearly established right of which a reasonable person would have been aware. *See Zellner v. Summerlin*, 494 F.3d 344, 367 (2d Cir. 2007).

When considering a claim of qualified immunity, the court first determines whether, construing the facts favorably to the non-moving party, there is a violation of a constitutionally protected right. If the court finds a potential violation, it next must determine whether, considering the facts of the case before it, that right was clearly established at the time of the incident. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202.

As noted above, Stanley states a claim for false imprisonment. In addition, he alleges that the defendants used excessive force against him, a claim not addressed in the defendants' motion. The law regarding false imprisonment, and the requirement that a court considering a section 1983 claim for false imprisonment looks to state law, was clearly established 1992, twelve years before the incident underlying this action. *See Berry v. Loiseau*, 223 Conn. 786, 820, 614 A.2d 414 (1992), and *Hygh v. Jacobs*, 961 F.2d 359, 366 (2d Cir. 1992). At the time of the incident, a reasonable judicial marshal would have understood that preventing Stanley from leaving the courtroom by force, which included wrestling him to the ground and then kicking him in the head

and back, violated his constitutional rights. Thus, accepting the facts alleged in the complaint as true, the motion to dismiss based on qualified immunity is denied.

## IV. Conclusion

The motion to dismiss [**doc. #22**] is **GRANTED** in part. Stanley's request that the defendants be prosecuted is dismissed. All claims against defendants Muzio and Hardy for false imprisonment and use of excessive force remain pending.

**SO ORDERED** this 26th day of September 2008, at Bridgeport, Connecticut.

                                      /s/ Stefan R. Underhill
                                      Stefan R. Underhill
                                      United States District Judge