UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEVEN K. STANLEY | : |
| | :    PRISONER |
| v. | :    Case No.  3:07cv59 (SRU) |
| | : |
| TOM MUZIO, et al. | : |

**RULING AND ORDER**

Defendants have filed motions for sanctions and dismissal for failure to prosecute and comply with discovery.  In their first motion, defendants seek sanctions in the form of an order striking pleadings, dismissal or default judgment because plaintiff Steven K. Stanley has not responded to defendants' discovery requests despite a specific court order to do so.  In the second motion, defendants seek dismissal for Stanley's continued failure to respond to discovery and failure to attend his deposition.  Stanley has not responded to the motion for sanctions.  In response to the motion for dismissal, he states that he could not appear at the time noticed for the deposition and that the deposition should have been rescheduled.  He asks that the case be immediately scheduled for trial.

All litigants, even those appearing *pro se*, must comply with court orders.  *See McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988).  Where litigants fail to comply with court orders and proper discovery requests, the court retains the discretion to impose sanctions.  Dismissal under Rule 37 of the Federal Rules of Civil Procedure is used as a sanction only in extreme circumstances where the court determines that failure to comply with court orders or failure to participate in a deposition is attributable to "willfulness, bad faith or any fault on the part of the prospective deponent."  *Barclay v. Doe*, 207 Fed. Appx. 102, 104 (2d Cir. 2006) (citations and internal quotation marks omitted), *cert. denied*, 128 S. Ct. 118 (2007); *see*

*also* Fed. R. Civ. P. 37(b)(2)(A); 37(d) (permitting the court to impose sanctions, including dismissal of an action, where a party fails to comply with discovery orders or fails to appear at a deposition).  Although *pro se* litigants generally are afforded more lenient treatment than litigants represented by counsel, all litigants, even those proceeding *pro se,* must comply with court orders.  "When they flout that obligation they, like all litigants, must suffer the consequences of their actions." *McDonald*, 850 F.2d at 124.  The court may impose the severe sanction of dismissal with prejudice against a *pro se* litigant so long as the court first warns the litigant that noncompliance will result in dismissal.  *Barclay*, 207 Fed. Appx. at 104 (citing *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994)).  Because the court has not, before now, afforded Stanley notice of the possible dismissal of this case, defendants' motions must be denied.

Stanley failed to respond to defendants' discovery requests and to the court's June 9, 2008 order that he serve his responses by June 29, 2008.  He did not attend his deposition and, although he now states that the time was inconvenient for him, did not contact defendants' counsel to arrange another time before or after the scheduled date.  Stanley appears to assume that, since he is ready for trial, defendants should not be permitted to conduct any discovery and he need not comply with their discovery requests.  He is mistaken.

Defendants' motions [**docs. ## 46 & 48**] are **DENIED** without prejudice.  Stanley is directed to serve his responses to all outstanding discovery requests within **twenty (20)** days from the date of this order.  If defendants choose to schedule another deposition, **Stanley is directed to attend the deposition at the scheduled time and place.  Stanley is hereby on notice that failure to comply with these orders will result in the imposition of sanctions**

**which can include dismissal of this action.**

      **SO ORDERED** this 23rd day of January 2009, at Bridgeport, Connecticut.

      /s/ Stefan R. Underhill
      Stefan R. Underhill
      United States District Judge